[Civ. No. 2893. Second Appellate District, Division Two.—July 23, 1919.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

[1] HIGHWAYS — ACTION TO DETERMINE EXISTENCE — RESOLUTION BY SUPERVISORS DECLARING STRIP PUBLIC HIGHWAY—VARIANCE OF DESCRIPTIONS—ADMISSIBILITY AS EVIDENCE.—In this action involving the question of the dedication and acceptance of a certain road as a public highway, the trial court committed error in admitting in evidence, over the objections of the plaintiffs, an ordinance passed by the board of supervisors of the county three days before the trial of the action purporting to describe in detail, by metes and courses, a strip of land, which defendants claimed was the road in question, and declaring the same a public highway where no evidence was offered to tie such resolution up to the road described in the pleadings.

[2] ID.—VARIANCE WITH PLEADINGS—ERRONEOUS JUDGMENT.—In such action, the amended pleadings not having been filed after the passage of such resolution declaring the strip of land described therein a public highway, and such description having been at

variance with the description contained in the pleadings, a judgment in favor of the defendants, following the description found in said resolution, was erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   Paul J. McCormick, Judge.   Reversed.

The facts are stated in the opinion of the court.

Chas. H. Brock and J. N. Hastings for Appellant.

A. J. Hill, County Counsel, Charles E. Haas and Lucretia H. Norman for Respondents.

THOMAS, J.—This is an action for injunction.   From the complaint it appears that plaintiff claims that on the 25th of April, 1915, it "was and is the owner and possessed of" certain lands described therein; that while so possessed, the defendants, "on or about said date," and on divers other days between said date and the commencement of said action, acting by and through their agents, etc., "wrongfully, unlawfully, and without right, permission, or authority, broke into and entered upon said tract of land, and began and continued, from a day on or about the twenty-third day of April, 1915, to the date of the commencement of this suit, the construction of a roadway on, over, and across said tract of land, and in and about the construction of said roadway defaced the said land by cuts and fills and displacement of rocks and the soil thereof, and destroyed valuable growing timber thereon, and obstructed and filled up a stream of water flowing thereon, and thereby and otherwise committed great damage, waste, and injury to said tract of land, all without the knowledge or consent of plaintiff, and to the great and irreparable damage and injury of plaintiff." After describing the natural beauty and the peculiarly inviting characteristics of the land which tend, in the mind of the pleader, to enhance the value of the same, it is further alleged that defendants, as hereinbefore set forth, "broke into and entered upon said tract of land with a large force of laborers, to the number of fifty or upward, with tools, machinery, and teams; that the said laborers are now encamped and congregated in the immediate vicinity of

said tract of land, with a large number of work teams and with a large quantity of tools and machinery; that large quantities of tools and machinery are now in said canyon on said land; that in the construction of said road-way as aforesaid said laborers, acting under the direction of defendants herein, removed the fence and gate con-structed across the mouth of said canyon, and said laborers, under the direction of the defendants herein, have already proceeded and carried their work of construction of said roadway to a distance of approximately one-eighth of a mile up said canyon; that the said defendants are about to, and will unless restrained by this court, commit further in-jury and damage to said land of plaintiff in this: that they will continue the construction of said roadway up and through the said canyon, and in such work of construction will cut down valuable growing timber, displace rocks and soil, fill up or divert the stream of water flowing in said canyon, and deface and mar said lands and the nat-ural beauty of said canyon with cuts and fills, and will otherwise damage and injure said lands by such construc-tion work, all to the great and irreparable injury and damage of plaintiff.''

The answer of defendants, except for the formal parts, denies all the material allegations of the complaint; and while admitting the ownership and possession of the land in plaintiff, they insist that the ownership and possession ''is now and was at all times mentioned in plaintiff's com-plaint subject to a certain roadway known as the Tuna or Tunis Canyon Road, . . . and which was at all times stated in said complaint, and is now, a duly existing, recognized, used, and accepted public highway.'' Defendants admit that they ''entered upon that certain public roadway known as Tuna or Tunis Canyon; . . . that laborers in the employ of said defendant [the county of Los Angeles] were, at the time mentioned in plaintiff's complaint, en-camped and congregated in the immediate vicinity of said tract; . . . and that said laborers, . . . under direction of the defendants herein, have proceeded and carried their work of construction of said roadway to a distance of ap-proximately one-eighth of a mile up said canyon.'' It is further alleged and set forth by proper allegation in the answer that during all the time mentioned in the com-

plaint, and for more than ten years prior to the commencement of this action, the alleged road "was a duly used and recognized public highway, and has been used and recognized as a public highway for many years last past, to wit, for over ten years continuously; that on Tuesday, February 14, 1911, the board of supervisors of the county of Los Angeles, in and by a proper resolution duly passed, accepted and laid out said Tuna Canyon Road as a public highway, and so declared it to be, which said resolution is duly recorded"—then following the resolution, *in extenso,* purporting to contain a description of the road; and "that said Tuna Canyon Road has never been discontinued or ceased to be a public highway by order of the board of supervisors of Los Angeles County, or otherwise; that said Tuna Canyon Road was and is the same in extent, width, and direction at all times mentioned in plaintiff's complaint herein as dedicated and declared in the said order."

The strip of land involved in this action extends about six miles north of the city of Santa Monica, and begins at the southern entrance of what is known as Tuna, or Cactus, Canyon, which entrance is upon the shore of the Pacific Ocean. From this place of beginning it runs for some distance along the side of the canyon, which is very narrow, and thence meandering up into the Santa Monica Mountains to a settlement in the highlands. Along the bed of the canyon, during the rainy season of each year, a stream of water flows. The "road" in question here practically parallels that stream for quite a distance, and then crosses the bed of the canyon in a northwesterly direction. In some form or another this "trail," "road," "public highway," or whatever designation may suit the person interested, has been used since the year 1883, at first by "a few settlers" and those visiting, working for or having business with them; and with the advance of years and the increase of population, the numbers who have so used it have increased until it has become, as contended by defendants, "a splendid automobile highway," this latter condition being brought about by the defendant county following the decision of the trial court herein, that court having found for the defendant and having denied the injunction prayed for.

It is conceded that, so far as the present action is concerned, in its final analysis there is but one question involved, and that question is whether or not there was a dedication of the alleged road. As already intimated, the trial court has answered this question in the affirmative. There was a motion for a new trial, which was denied. The appeal here is from the judgment and from the order denying said motion.

Appellant urges consideration by this court of eight assignments of error, by the second of which it is urged "that the evidence is insufficient to support said findings of fact and conclusions of law." Assignment No. 5 is as follows: "The court erred in making its order denying plaintiff's motion for a new trial because of error on the part of the trial court in admitting in evidence the resolution of the board of supervisors of Los Angeles County adopted three days before the trial of this action, as no supplemental answer had been filed alleging the adoption of said resolution." If these two assignments of error are not well taken, then there is nothing in this record that needs our consideration.

On the trial of the case, the court permitted the defendants, over plaintiff's objection, to introduce defendant's exhibit "C," which is a resolution by the board of supervisors of Los Angeles County declaring "Tuna Canyon Road, also known as Cactus Canyon Road, a public highway," which resolution was adopted on July 12, 1915—a long time after the commencement of this action and the joining of issues herein, and only three days before the trial. Exhibit "C" is a very lengthy resolution, purporting to describe in detail, by metes and courses, a strip of land, which respondents claim is the road here involved. This description was adopted by the court and is incorporated in the judgment. [1] Appellant argues very vigorously that the ruling of the court here was error; that said resolution was inadmissible as evidence; and in this contention we think it correct. We find nothing in the language of the pleadings, the franchise of September 28, 1891, the resolution of February 14, 1911, or in defendant's exhibit "C," which ties the latter up to the "road" described in the former. We have no hesitation in saying that it is a physical impossibility to reconcile the descrip-

tion contained in the judgment with either the description as alleged in the complaint or with that alleged in the answer. Nor does the record contain any evidence—and we have read the entire voluminous record—which would even tend to prove that the "road" described in the judgment is the land referred to in either the complaint or the answer. There is nothing from which this fact, if it be a fact, may be inferred. On the contrary, the record here shows affirmatively, we think, that such is not the case. In this respect the evidence does not justify the finding which the court found as a fact, that the road referred to in plaintiff's complaint and defendants' answer, the franchise granted by the board of supervisors of Los Angeles County on September 28, 1891, to operate a wagon road or steam road to the Ocean Shore and Calabasas Toll Road and Steam Railroad Company, and in the resolutions of the board of supervisors of Los Angeles County dated February 14, 1911, and July 12, 1915 (defendant's exhibit "C"), was, and is, the said Tuna Canyon road. No useful purpose can be served by a lengthy discussion of this point. We think the conclusion that there is a material variance between the allegation and the proof must now be obvious. Certainly no stranger, taking this record and comparing the descriptions of the land involved here, as found in the pleadings, with that found in the judgment—and the judgment follows exactly the description found in said exhibit "C"—could say it described the same strip of land.

In view of the fact that there was no supplemental pleading which would justify the reception of the proffered evidence, we think it was error to overrule plaintiff's objection and to permit said resolution to be received in evidence. [2] But notwithstanding this, were it not for the variance referred to above, and which we think fatal to the judgment here, the judgment might have been sustained.

The judgment and order appealed from are reversed.

Finlayson, P. J., and Sloane, J., concurred.